UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 26-8341 PA (PVCx) | Date | September 28, 2026 |
| Title | Jose Chavez v. Tophat Media, LLC et al | | |

| | | |
|---|---|---|
| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| | |
|---|---|
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None | None |

**Proceedings:** IN CHAMBERS – COURT ORDER

The Court is in receipt of defendant TopHat Media LLC's ("Defendant") motion to dismiss. (Docket No. 19.) This action is pending before this Court following Defendant's removal of the action from Los Angeles County Superior Court on July 29, 2026. The Notice of Removal alleged that this Court possesses diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332. (Docket No. 1.) Defendant alleged complete diversity based on plaintiff Jose Chavez's ("Plaintiff") California citizenship and Defendant's Canadian citizenship. Defendant alleged an amount in controversy in excess of $75,000 based on Plaintiff's $100,000 in punitive damages. Defendant then moved to dismiss Plaintiff's complaint on August 20, 2026. On August 21, 2026, Plaintiff filed its First Amended Complaint ("FAC") as a matter of right pursuant to Federal Rule of Civil Procedure 15(a)(1)(B).

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by Congress and the Constitution. See Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). "Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." Hertz Corp. v. Friend, 559 U.S. 77, 94, 130 S. Ct. 1181, 1193 (2010); see Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss the action if subject matter jurisdiction is lacking); see also Allen v. Santa Clara Cnty. Corr. Peace Officers Ass'n, 400 F. Supp. 3d 998, 1001 (E.D. Cal. 2019), aff'd, 38 F.4th 68 (9th Cir. 2022). The Federal Rule of Civil Procedure 8(a) requires that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the grounds for the court's jurisdiction . . . ." Fed. R. Civ. P. 8(a)(1). This District's Local Rules further provide that "[t]he statutory or other basis for the exercise of jurisdiction by this Court shall be plainly stated in . . . any document invoking this Court's jurisdiction." Local Civil Rule 8-1.

Here, following the filing of the FAC, the Court appears to no longer possesses federal subject matter jurisdiction. Plaintiff no longer seeks punitive damages but only statutory and liquidated damages of $1,000 per email. (FAC ¶ 43.) Plaintiff also does not allege that this Court possesses subject matter jurisdiction. (Id. ¶ 9.) And there is no federal question

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 26-8341 PA (PVCx) | Date | September 28, 2026 |
| Title | Jose Chavez v. Tophat Media, LLC et al | | |

jurisdiction because the Complaint alleges only state law claims. Accordingly, the parties are ordered to show cause why this action should not be dismissed for lack of subject matter jurisdiction or otherwise remanded to state court. See Royal Canin U. S. A., Inc. v. Wullschleger, 604 U.S. 22, 30, 145 S. Ct. 41, 49 (2025) ("When a plaintiff amends her complaint following her suit's removal, a federal court's jurisdiction depends on what the new complaint says."); Faulk v. JELD-WEN, Inc., 159 F.4th 618, 622 (9th Cir. 2025) (ordering remand of case removed under CAFA after plaintiff excised class action allegations from the complaint alleging state law claims); Fiedler v. Clark, 714 F.2d 77, 78 (9th Cir. 1983) (noting that court may dismiss action sua sponte if jurisdiction is lacking).

The parties' responses to this Order to Show Cause shall be filed no later than October 5, 2026. The Order to Show Cause will stand submitted upon the filing of the responses. The Court will notify the parties if it determines that a hearing is necessary at a later date. Failure to respond to this Order may result in the dismissal of this action without further warning. Defendant's motion to dismiss is taken under advisement. The hearing scheduled for October 5, 2026 at 1:30 pm is vacated and the matter taken off calendar.

IT IS SO ORDERED.