**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 26-8341 PA (PVCx) | Date | October 6, 2026 |
| Title | Jose Chavez v. TopHat Media, LLC et al | | |

| | |
|---|---|
| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |

| | | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| | |
|---|---|
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

The Court is in receipt of the responses to the Court's September 28, 2026 Order to Show Cause ((“OSC”) Docket No. 25) filed by plaintiff Jose Chavez (“Plaintiff”) and defendant TopHat Media, LLC (“Defendant”). (Docket Nos. 28, 29.) The Court issued the OSC after Plaintiff filed his First Amended Complaint (the “FAC”) and Defendant moved to dismiss the FAC. (Docket Nos. 15, 19.) The Notice of Removal filed in this matter (Docket No. 1 (“NOR”)) alleges that the Court possesses diversity jurisdiction over the action pursuant to 28 U.S.C. § 1332. (NOR at pp. 2-3.) The OSC ordered the parties to show cause why this action should not be remanded to state court now that Plaintiff no longer seeks punitive damages and, as a result, the amount in controversy requirement is not met. (See OSC at pp. 1-2 (citing Royal Canin USA, Inc. v. Wullschleger, 604 U.S. 22, 39 (2025) (“When a plaintiff amends her complaint following her suit's removal, a federal court's jurisdiction depends on what the new complaint says.”); Faulk v. JELD-WEN, Inc., 159 F.4th 618, 622 (9th Cir. 2025) (ordering remand of case removed under CAFA after plaintiff excised class action allegations from the complaint alleging state law claims))).

In response to the OSC, Plaintiff states that he “agrees with the Court that, in light of the First Amended Complaint (“FAC”), this Court no longer has subject matter jurisdiction over this action and respectfully requests that the case be remanded to the Los Angeles County Superior Court.” (Docket No. 28.) Defendant also “agrees with the Court that the Court no longer possesses subject matter jurisdiction based on the amendments that Plaintiff made to the First Amended Complaint . . . [and] does not oppose remand.” (Docket No. 29).

As stated in the Court's OSC, federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by Congress and the Constitution. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. Id. § 1447(c). “The burden of establishing federal jurisdiction

**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 26-8341 PA (PVCx) | Date | October 6, 2026 |
| Title | Jose Chavez v. TopHat Media, LLC et al | | |

is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

Defendant removed this action under 28 U.S.C. § 1331, alleging complete diversity of the parties and an amount in controversy in excess of $75,000. Defendant does not argue that the Court possesses jurisdiction over this action on any other statutory basis; nor could it do so, given that its removal was based solely on section 1331. The Court thus concludes that, based on Royal Canin and JELD-WEN, after the filing of Plaintiff's FAC removing his request for punitive damages, the Court no longer possesses subject matter jurisdiction. Accordingly, this matter is hereby remanded to Los Angeles County Superior Court, Case Number 26STCV20146, for lack of subject matter jurisdiction. Defendant's motion to dismiss is denied as moot. (Docket No. 19.)

IT IS SO ORDERED.